992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danny Gene FRITCHIE, Petitioner-Appellant,
v.
PEOPLE OF THE STATE OF OKLAHOMA; Attorney General of the
State of Oklahoma, Defendants-Appellees.
 No. 92-7150.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Fritchie, a pro se litigant, appeals the denial of habeas corpus relief. We grant permission to proceed in forma pauperis and affirm.
 
 
 3
 Mr. Fritchie filed a habeas corpus petition challenging the validity of a 1966 second degree burglary conviction in Oklahoma for which he was sentenced to two years. The State moved to dismiss asserting: (1) Mr. Fritchie failed to exhaust his state remedies; and (2) Mr. Fritchie was not "in custody." Mr. Fritchie filed a response admitting his failure to exhaust state remedies.
 
 
 4
 The district court referred the case to a magistrate judge who, in part on the basis of Mr. Fritchie's admission, recommended dismissal of the habeas corpus action. Mr. Fritchie responded to this recommendation by alleging: "Following such admission ... petitioner conferred with legal counsel ... and counsel has informed petitioner that he HAS exhausted his state remedies." The district court nevertheless adopted the magistrate judge's findings and dismissed. Mr. Fritchie appeals this decision asserting he exhausted his state remedies.
 
 
 5
 Looking at the record, we find Mr. Fritchie entered a guilty plea to his 1966 conviction and failed to appeal. Twenty-five years later, Mr. Fritchie attempted to attack this conviction in the state courts with a Petition for Error Coram Nobis. This action was dismissed by the Oklahoma Court holding Mr. Fritchie was procedurally barred due to his failure to file a direct appeal. Subsequent actions were filed in state court and they too were dismissed. The bottom line is that Mr. Fritchie attempted to have the merits of his case decided by the Oklahoma courts and never succeeded due to the procedural bar created by his initial failure to appeal.
 
 
 6
 In order to have his case heard and decided by a federal court under these circumstances, Mr. Fritchie has the burden of demonstrating both cause for defaulting his federal claims in state court, and actual prejudice as a result of the alleged violation of federal law. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Mr. Fritchie alleged he didn't know he had a right to appeal the entry of his guilty plea. This is inadequate cause as " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." Id. at 2566. Additionally, Mr. Fritchie has failed to show prejudice.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3